UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


SAFETY POINT PRODUCTIONS, LLC,        )
                                      )
    Plaintiff,                        )
                                      )
v.                                    )   No. 3:12-CV-601
                                      )   (Phillips/Guyton)
DOES 1-57,                            )
                                      )
    Defendants.                       )


## MEMORANDUM AND ORDER

In this copyright infringement action, plaintiff alleges that 57 individual Doe defendants acted in concert to infringe plaintiff's copyrighted motion picture "Puncture". The complaint alleges that each Doe defendant used an internet file sharing protocol called BitTorrent to copy and reproduce the motion picture over the internet. Defendants' actions resulted in the unauthorized, viral dissemination of plaintiff's motion picture, resulting in copyright infringement of plaintiff's motion picture. Plaintiff filed a motion for expedited discovery contending that expedited discovery is necessary in order to determine the identity of the holder of the IP addresses which it alleges are involved in the unlawful distribution of the subject motion picture.

On December 19, 2012, the Honorable H. Bruce Guyton, United States Magistrate Judge, entered a pretrial order allowing plaintiff to conduct limited, early

discovery in the form of subpoenaing ISPs to provide the names and contact information of IP users identified in plaintiff's complaint [Doc. 8]. This matter is presently before the court on defendant Doe #16's objections to the magistrate judge's order granting expedited discovery [Doc. 16].

Magistrate Judge Guyton's order was entered pursuant to 28 U.S.C. § 636(b). Under 28 U.S.C. § 636(b), the court can reconsider the magistrate judge's ruling if it is "clearly erroneous" or "contrary to law." Accordingly, the court has now undertaken a review of the magistrate judge's order. After doing so, the court concludes that Magistrate Judge Guyton's ruling is consistent with the Federal Rules of Evidence and the applicable case law.

Doe #16 objects to the magistrate judge's ruling stating that the issuance of a subpoena to ISP's is invalid because Doe #16 has not yet been served with a summons in this case. Plaintiff responds that personal jurisdiction over Doe #16 is not required to issue a subpoena to a non-party, the ISP. Plaintiff points out that the ISP has not challenged the issued subpoena; therefore, plaintiff avers that personal jurisdiction over Doe #16 is irrelevant to the validity of the subpoena.

The personal jurisdiction argument raised by Doe #16 was rejected by the United States District Court for the Northern District of Illinois. The court found:

> [S]uch personal jurisdiction arguments are premature because the Putative Defendants have not been named parties to this lawsuit. As such, the Putative Defendants are under no

> obligation either to produce information under subpoena or to litigate in this jurisdiction.
>
> . . . Such assertions, however, will be relevant once the Putative Defendants are named as parties in this action, but not before. . . .

*First Time Videos, LLC v. Does 1-500,* 276 F.R.D. 241, 251 (N.D.Ill. 2011). The court agrees with the analysis of the Illinois District Court and finds it applicable in this case. Accordingly, the court finds Doe #16's assertions of lack of jurisdiction premature and irrelevant to the motion for expedited discovery, and his objection is overruled.

In addition, Doe #16 objects to the discovery because requiring the release of his ISP information is an invasion of his/her privacy. Again, this argument has been rejected by the federal courts. A subpoena may be quashed or modified under Federal Rule of Civil Procedure 45(c)(3) if compliance with the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Doe #16 maintains that the subpoena to his ISP should be quashed because the subpoena requires disclosure of his identity and address, information which Doe #16 contends is protected under a constitutional right to privacy. The court concludes that the identifying information subpoenaed does not qualify for protection as "privileged." The discovery at issue seeks only the name and address of specified Doe defendants. The magistrate judge's order explicitly limited discovery to obtaining the name and address of the defendants. Such minimal information is required to enable the plaintiff to serve summons and complaints upon the defendants.

3

The federal courts have consistently held that internet subscribers do not have a reasonable expectation of privacy in their subscriber information – including their name and address – as they have already conveyed such information to their ISPs. *See First Time Videos*, 276 F.R.D. at 247; *Voltage Pictures LLC v. Does* 1-5,000, 818 F.Supp.2d 28, 36 (D.D.C. 2011); *Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4,577,* 736 F.Supp.2d 212, 216 (D.D.C. 2010); *West Bay One Inc. v. Does 1-1,653*, 270 F.R.D. 13, 16 (D.D.C. 2010); *Sony Music Entm't. Inc. v. Does 1-40*, 326 F.Supp.2d 556, 567 (S.D.N.Y. 2004) (First Amendment right of alleged file-sharers to remain anonymous "must give way to the plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims"); *Elektra Entm't Group Inc. v. Does 1-9*, 2004 WL 2095581 at *4-5 (S.D.N.Y. Sept 8, 2004) (finding that First Amendment right to anonymity is overridden by plaintiff's right to protect copyright). Because Doe #16 has already shared his/her subscriber information with the ISP in order to set up his/her internet account, Doe #16 likewise has no reasonable expectation of privacy in the same information now sought in the subpoena. The information is not privileged and Doe #16's argument that it is privileged lacks merit. Accordingly, defendant Doe #16's objections [Doc. 16] to the magistrate judge's pretrial order are hereby **OVERRULED** in their entirety.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge